# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT OWENSBORO

**HARRY TERRIL YOUNG**                                                                                **PLAINTIFF**

v.                                                **CIVIL ACTION NO. 4:07CV-117-M**

**FSA**                                                                                       **DEFENDANTS**

## MEMORANDUM OPINION

This matter is before the Court on Plaintiff's response to the Court's Order directing him to show cause why the action should not be dismissed for failure to comply with Rule 4(m) of the Federal Rules of Civil Procedure.

> Rule 4(m) provides:
>
> If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

The 120-day period expired on January 16, 2008. Plaintiff sued FSA (Farmers Service Agency), a federal agency. Under Rule 4(i), to serve a United States Agency, "a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, . . ." Fed. R. Civ. P. 4(i)(2). To serve the United States, a party must:

> (A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought--or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk--or
>
> (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;
>
> (B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and

(C) if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.

Fed. R. Civ. P. 4(i)(1).

While the record reflects that Plaintiff served the FSA in September or October 2007, he failed to serve the United States Attorney for the Western District of Kentucky and the Attorney General of the United States within the 120-day period. The Court, therefore, entered its Order directing Plaintiff show good cause for not complying with Rule 4(m)'s 120-day service requirement.

"Establishing good cause . . . 'necessitates a demonstration of why service was not made within the time constraints.'" *Nafziger v. McDermott Intern., Inc.*, 467 F.3d 514, 521 (6th Cir. 2006) (quoting *Habib v. Gen. Motors Corp.*, 15 F.3d 72, 73 (6th Cir. 1994)). "Plaintiff bears the burden to establish good cause." *Habib*, 15 F.3d at 73.

Plaintiff filed an "Affidavit" in response to the Court's Order to Show Cause. In the affidavit, he advises only that he effected service of his Privacy Act Complaint on the FSA, the DOJ, and the Attorney General.[1] He offers nothing else. He provides no explanation as to why he failed to serve the U.S. Attorney for the Western District of Kentucky and the Attorney General within the 120-day period, and he filed no copy of the mail receipt or of the returned green card or averred to the date that he effected such service.

The Court is mindful that Rule 4(m) "must be construed leniently with regard to *pro se* litigants." *Id.* at 74. Plaintiff, however, has twice been put on notice of the requirement. First, a prior action of Plaintiff's was dismissed for his failure to effect proper service upon the United

---

[1] Plaintiff purports that he effected service, but pursuant to Rule 4(c)(2), "Any person who is at least 18 years old and *not a party* may serve a summons and complaint" (emphasis added).

States and its client agency. *See Young v. United States Department of Agriculture et al.*, Civil Action No. 4:05CV-70-M. Second, three months after filing the complaint, Plaintiff filed a motion for summary judgment (which the Court has denied) seeking default judgment against Defendant for its failure to file an answer within 60 days. The United States filed a response[2] to the motion arguing that it was not required to answer because Plaintiff failed to effect proper service under Rule 4 because he served neither the United States Attorney nor the Attorney General by certified or registered mail as required by the Rule. Despite this notice by the United States in its response filed in January 2008, Plaintiff failed to serve the U.S. Attorney and the Attorney General.[3]

On review of the record and Plaintiff's response to the Court's Order to Show Cause, the Court concludes that Plaintiff has neither demonstrated proper service nor shown could cause for this failure warranting dismissal of the instant action.

The Court will enter a separate Order of dismissal.

Date:


cc: Plaintiff, *pro se*
 Counsel of Record
4414.005

---

[2]Defendant advised in its response to the motion for summary judgment, that the U.S. Attorney's Office was notified of the suit by the client agency and obtained a copy of the complaint from the Court's ECF system. However, "'actual knowledge of the law suit does not substitute for proper service of process under Rule 4.'" *Hyland v. Homeservices of Am., Inc.*, No. 3:05-cv-612-R, 2007 WL 1959161, at *2 (W.D. Ky. June 28, 2007) (quoting *Friedman v. Estate of Presser*, 929 F.2d 1151, 1155 (6th Cir. 1991)).

[3]Instead, in his reply, Plaintiff argued that Defendant had waived the issue by failing to file an answer raising defective service. Because Defendant was not properly served, however, it was not required to file an answer, and no waiver occurred.